```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

```
UNITED STATES OF AMERICA,      )
                               )
     Plaintiff,                )
                               )        Cv. No. 05-2680-Ma/P
vs.                            )        Cr. No. 00-20082-(G)Ma
                               )
JASON C. REDDITT,              )
                               )
     Defendant.                )
                               )
```

```
          ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
                ORDER DENYING CERTIFICATE OF APPEALABILITY
                                  AND
              ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```

Defendant Jason C. Redditt, Bureau of Prisons inmate registration number 17343-076, an inmate at the United States Penitentiary-Lee County in Jonesville, Virginia, filed a <u>pro se</u> motion pursuant to 28 U.S.C. § 2255 on September 16, 2005.

On May 25, 2000, a federal grand jury returned an eight-count indictment against Redditt. The first, fifth, and seventh counts charged Redditt, aided and abetted by a juvenile, with carjacking, in violation of 18 U.S.C. §§ 2119 and 2.[1] The second, sixth, and eighth counts charged that Redditt, aided and abetted by a juvenile, carried and used a firearm during and in relation to the carjackings, in violation of 18 U.S.C. § 924(c). The third count charged Redditt with unlawfully transferring a handgun to a person he had reasonable cause

---

[1] The three counts refer to offenses committed on January 17, 2000; January 13, 2000; and January 7, 2000, respectively.

to believe was a juvenile and who he had reasonable cause to believe intended to use the handgun in the commission of a crime of violence, in violation of 18 U.S.C. §§ 922(x)(1)(A) and 924(a)(6)(B)(ii). The fourth count charged Redditt with knowingly transferring a firearm with knowledge that it would be used to commit a crime of violence, in violation of 18 U.S.C. § 924(h).

A jury trial began on June 4, 2001 before then-District Judge Julia Smith Gibbons, and, on June 6, 2001, the jury returned a guilty verdict on counts one, two, three, five, six, seven, and eight of the indictment and a verdict of not guilty on count four. Judge Gibbons conducted a sentencing hearing on October 12, 2001, at which time Redditt was sentenced to a total of eight hundred sixty-four (864) months imprisonment, to be followed by three years of supervised release. Judgment was entered on October 17, 2001.[2] The United States Court of Appeals for the Sixth Circuit affirmed. United States v. Redditt, 87 Fed. Appx. 440 (6th Cir. May 21, 2003), cert. denied, 540 U.S. 1082 (2003).

On September 16, 2005, Redditt filed a motion pursuant to 28 U.S.C. § 2255 in which he raised the following issues:

1. The sentencing court lacked jurisdiction to impose any sentence for the § 924(c) counts because there was no evidence that the particular weapons used traveled in interstate commerce;

2. The sentencing court lacked jurisdiction to impose an enhancement for bodily injury that was not alleged in the indictment and submitted to the jury; and

---

[2] An amended judgment, which corrected the amount of the restitution ordered, was entered on April 25, 2003.

2

     3.    The trial court lacked subject-matter jurisdiction over the carjacking counts because there was no evidence that the stolen vehicles, or their parts, were intended to be shipped in interstate commerce after the carjackings.

The first issue to be considered is the timeliness of this motion. Paragraph 6 of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). In this case, the Supreme Court denied certiorari on December 8, 2003. This motion was signed on September 10, 2005, more than

twenty-two months after Redditt's conviction became final. Even if the motion were deemed to have been filed on that date, Houston v. Lack, 487 U.S. 266 (1988); Miller v. Collins, 305 F.3d 491,497-98 & n. 8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it would be time barred.[3]

A limitations period may be subject to equitable tolling. In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitable tolling:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008.[4]

---

[3]   Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. The first and third issues raised by Redditt were plainly available to him when his conviction became final. The second issue arguably arises under the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and, therefore, Redditt may contend that the third subsection is applicable here, and that the limitations period on that issue began running on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In Tyler v. Cain, 533 U.S. 656, 662 (2001), the Supreme Court held that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be so. Because the Supreme Court did not hold that the rule in Booker is retroactively applicable to cases on collateral review, the third subsection is inapplicable and, therefore, the limitations period for all issues began to run when Redditt's conviction became final.

[4]   This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[5]

---

[5] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

5

In this case, Redditt makes no argument that he is entitled to equitable tolling. Therefore, the motion is time barred, and Redditt is not entitled to equitable tolling.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid and his motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision about whether to issue a COA; "The question is the

7

debatability of the underlying constitutional claim, not the resolution of that debate.").[6]

In this case, the defendant's claims are clearly time barred and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal <u>in forma pauperis</u> in a § 2255 case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, the prisoner must file his motion to proceed <u>in forma pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant

---

[6] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." <u>Id.</u> at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." <u>Id.</u>

to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if movant files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

      IT IS SO ORDERED this 16th day of March, 2006.


                                      s/ SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE


05-2680.Order.wpd